IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLENN DALE COSBY, JR., 1717152, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-CV-3911-L |
| ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction possession of a controlled substance, enhanced by two prior felony convictions. *State of Texas v. Glenn Dell Cosby*, No. 29225-422 (422nd Dist. Ct., Kaufman County, Tex., May 3, 2011). Petitioner was sentenced to twenty years confinement. On June 22, 2012, the Fifth District Court of Appeals affirmed the conviction and sentence. *Cosby v. State*, No. 05-11-00622-CR (Tex. App. – Dallas 2012, no pet.). Petitioner did not file a petition for discretionary review.

On October 1, 2012, Petitioner filed a state application for writ of habeas corpus. *Ex parte Cosby*, Application No. 78,640-01. On November 21, 2012, the Texas Court of Criminal

Appeals denied the application without written order on the findings of the trial court.

On November 4, 2014, Petitioner filed this federal petition. He argues:

1. He is actually innocent of the charged offense because the state presented no evidence that he possessed a controlled substance greater or equal to the amount stated in the indictment;

2. He is actually innocent of the charged offense because the state presented no evidence that possession of phencyclidine is an offense in the state of Texas.

3. He is actually innocent, and was denied due process and a jury of his peers when the prosecution used all of its peremptory challenges to strike prospective African American jurors.

4. Jury selection was unconstitutionally tainted by the prosecution's discriminatory use of peremptory challenges;

5. The trial court erred when it denied his motion to dismiss;

6. The right to the protection against cruel and unusual punishment was violated when his sentence was unconstitutionally enhanced;

7. He was denied trial counsel of his choice;

8. He was denied effective assistance of counsel on appeal when appellate counsel failed to brief most of the claims he now brings in his federal writ;

9. He received ineffective assistance of trial counsel when counsel failed to raise the affirmative offense of public intoxication;

10. His judgement is void because the indictment fails to list a date of presentment, which would invest the trial court with jurisdiction;

11. He was arbitrarily denied a state created right to appeal;

12. There exists a material variance between the charge and the indictment;

13. Judicial bias contributed to his conviction;

14. The prosecution withheld exculpatory evidence; and

15. Cumulative error contributed to the deprivation of his right to fundamental fairness.

On February 12, 2015, Respondent filed his answer. On March 31, 2015, Petitioner filed a reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -3-

On June 22, 2012, the Fifth District Court of Appeals affirmed the conviction and sentence. Petitioner did not file a petition for discretionary review. His conviction therefore became final thirty days later, on July 22, 2012. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until July 22, 2013, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On October 1, 2012, Petitioner filed a state habeas petition. This petition tolled the limitations for fifty-one days, until it was denied on November 21, 2012. When fifty-one days were added to the limitations period, Petitioner's new limitations date became September 11, 2013.

---

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge** Page -4-

Petitioner was required to file his federal petition by September 11, 2013. He did not file his petition until November 4, 2014. His petition is therefore untimely.

**B.      Actual Innocence**

Petitioner argues he should be excused from the limitations period because he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*.

In this case, Petitioner claims his conviction was unlawfully enhanced. He states he was convicted of a state jail felony, and that at the time of trial, a state jail felony could not be enhanced by his two prior convictions. (*See* Reply at 2.) This claim, however, was available at the time of trial. Petitioner has failed to submit any new evidence of his actual innocence. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

**C.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling.  Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 29th day of January, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).